UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

QUEEN BANKS                                                                                        PLAINTIFF

V.                                                             CIVIL ACTION NO. 3:22-CV-433-DPJ-FKB

LAKELAND NURSING AND
REHABILITATION CENTER, LLC; MORGAN
MCGUIRE, LPN, IN HER OFFICIAL AND
PERSONAL CAPACITIES; AND JOHN DOES 1-10                  DEFENDANTS

ORDER

This case is before the Court on Plaintiff Queen Banks's Motion for Certification of Interlocutory Appeal [37] and Motion for Certification under Federal Rule of Civil Procedure 54(b) [38]. The motions also ask the Court to stay proceedings. For the reasons explained below, both motions are denied.

I.      Factual and Procedural Background

Banks filed this action in Mississippi state court asserting medical-negligence claims against Lakeland Nursing and Rehabilitation Center, LLC, and a nurse it employed—Morgan McGuire. Compl. [1-4]. All members of Lakeland are residents of New York while McGuire is a diversity-spoiling Mississippi resident. Lakeland removed the case to this Court, and McGuire asked that the claims against her be dismissed because Banks improperly joined her. Def.'s Mot. [4] ¶ 3.

After considering whether the complaint stated a viable theory of recovery against McGuire at the time of removal, the Court agreed that she was improperly joined. Order [36] at 10. Banks's allegation that McGuire negligently left ELIDEL 1% cream in her room, which was later misapplied by another caregiver, failed to establish that McGuire breached a duty or

proximately caused Banks's injury. *Id.* at 7–9. Thus, the Court dismissed the claims against McGuire and retained jurisdiction over the case.

Now, Banks asks the Court to stay the case and certify that decision for interlocutory appeal. Pl.'s Mot. [37]. Alternatively, she asks the Court to enter final judgment on the claims against McGuire under Rule 54(b). Pl.'s Mot. [38]. The Court has determined that it has subject-matter jurisdiction over this dispute, and the briefing on these motions has now closed because Banks elected to forgo filing timely reply briefs.

II.   Analysis

   A.   Certification of Interlocutory Appeal

Permissive interlocutory appeals are governed by 28 U.S.C. § 1292(b), which provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

This rule is a "narrow exception" to "Congressional policy against piecemeal appeals . . . as expressed in the final judgment rule." *In re Rolls Royce Corp.*, 775 F.3d 671, 676 (5th Cir. 2014). Thus, only those "exceptional cases" that satisfy the three requirements outlined in § 1292(b) should be certified for interlocutory appeal. *United States v. Garner*, 749 F.2d 281, 286 (5th Cir.), *supplemented*, 752 F.2d 116 (5th Cir. 1985). This is not an exceptional case.

First, Lakeland concedes that whether McGuire was improperly joined is a controlling issue of law. *See* Def.'s Resp. [41] at 2 n.1. "If reversal of an order terminates the action, it is clearly a controlling question of law." *Doe # 1 v. Marriott Int'l, Inc.*, No. 3:22-CV-468-KHJ-MTP, 2023 WL 138047, at *1 (S.D. Miss. Jan. 9, 2023) (quoting *Napoleon v. Shows, Cali & Walsh, LLP*, No. 20-1775, 2022 WL 721560, at *4 (E.D. La. Mar. 10, 2022)). If McGuire was

2

properly joined at the time of removal, then remand would have been warranted, and thus reversal of this Court's previous order would terminate the action. Consequently, there is a controlling issue of law here.

But Banks fails to satisfy the second factor by showing a substantial ground for difference of opinion.

> There are four circumstances in which courts traditionally have found a substantial ground for difference of opinion . . . . These circumstances exist where "a trial court rules in a manner which appears contrary to the rulings of all Courts of Appeals which have reached the issue, if the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented."

*Rosales v. Indus. Sales & Servs., LLC*, No. 6:20-CV-00030, 2023 WL 2267230, at *2 (S.D. Tex. Feb. 28, 2023) (quoting *Coates v. Brazoria County*, 919 F. Supp. 2d 863, 867–68 (S.D. Tex. 2013) (Costa, J.)). Notably, these circumstances do not include "disagreement with a district court's ruling." *Marriott Int'l, Inc.*, 2023 WL 138047, at *2 (quoting *Allstate Ins. Co.*, 668 F. Supp. 2d at 813–14).

Yet that is what Banks offers; she simply says the Court was wrong and makes general arguments the Court has already considered. She neither addresses the Court's core holdings nor offers legal authority suggesting error or that the law is unsettled. Indeed, she cites no specific legal authority in this section of her brief.

Instead, Banks's most direct argument asserts that her nursing expert "opined that [McGuire] breached the standard of care." Pl.'s Mem. [39] at 4. That's true, but it oversimplifies the expert's opinion and avoids the Court's holding on it. The nursing expert opined that McGuire breached the standard of care *by misapplying* the cream that injured Banks. *See* Patrick Aff. [30-4] ¶ 10. But that factual theory conflicts with Banks's pleaded assertion that McGuire left the cream in the examination room where someone else misapplied it. Compl. [1-

3

4] ¶ 12.  Notably, the expert never states that leaving the cream in the room—the pleaded conduct—breached the standard of care.  *See generally* Patrick Aff. [30-4].

In the now-disputed Order, the Court noted that "to determine whether a plaintiff has improperly joined a non-diverse defendant, the district court must examine the plaintiff's possibility of recovery against that defendant *at the time of removal*."  Order [36] at 6 (emphasis added) (quoting *Flagg v. Stryker Corp.*, 819 F.3d 132, 137 (5th Cir. 2016)); *also citing Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 265 (5th Cir. 1995) (finding diversity jurisdiction and noting that plaintiff's "proposed amended complaint [did] not clarify the jurisdictional facts at the time of removal; it attempt[ed] instead to amend away the basis for federal jurisdiction").  Banks never addresses—through argument or authority—the Court's finding that her expert's opinion does not show a plausibly pleaded breach at the time of removal.

Similarly, Banks does not address the Court's alternative holding that she failed to state a plausible claim that McGuire's alleged breach proximately caused injury.  *See* Order [36] at 8–9.  Causation in this context requires expert testimony.  *See Barner v. Gorman*, 605 So. 2d 805, 809 (Miss. 1992) (citing *Latham v. Hayes*, 495 So. 2d 453 (Miss. 1986)).  Under Mississippi law, "nurses cannot testify as to medical causation."  *Vaughn v. Miss. Baptist Med. Ctr.*, 20 So. 3d 645, 652 (Miss. 2009).  Even if they could, Banks's nursing expert did not provide a causation opinion that would be relevant at the time of removal.  Banks does not mention causation in her present motion, and for these reasons, there is nothing to suggest a substantial ground for differing opinions on the Court's breach and causation holdings.

Because Banks fails to satisfy the second factor, the Court does not need to consider the third, though it goes without saying that—because the Court does not think there are substantial grounds for differing opinions—an interlocutory appeal would only unnecessarily prolong the

4

litigation.  Banks's motion for certification of interlocutory appeal is denied.  The motion also asks that the Court amend its prior Order [36] to include a permission statement for interlocutory appeal as outlined in Federal Rule of Appellate Procedure 5(a)(3).  Pl.'s Mem. [39] at 2.  Because certification for interlocutory appeal is denied, that request is denied as well.  The Court now turns to Banks's motion for Rule 54(b) certification.

      B.        Rule 54(b) Certification

Banks next asks the Court to enter final judgment under Rule 54(b) as to the claims against McGuire.  That rule states that the Court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."  Fed. R. Civ. P. 54(b).  "Rule 54(b) assigns to the district court the duty to weigh 'the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other.'"  *Rd. Sprinkler Fitters Loc. Union v. Cont'l Sprinkler Co.*, 967 F.2d 145, 148 (5th Cir. 1992) (quoting *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511 (1950)).  Only after determining that the latter outweighs the former should the Court make an "'express determination that there is no just reason for delay' in entering the judgment."  *Ackerman v. F.D.I.C.*, 973 F.2d 1221, 1224 (5th Cir. 1992) (quoting *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 3 (1980)).

Rule 54(b) judgments are "disfavored."  *Mills v. Patten*, No. 5:17-CV-110-DCB-MTP, 2020 WL 476382, at *1 (S.D. Miss. Jan. 29, 2020) (citing *PYCA Indus., Inc. v. Harrison Cnty. Waste Mgmt.*, 81 F.3d 1412, 1421 (5th Cir. 1996)).  And "[t]he Fifth Circuit has found that piecemeal appeals or litigation would result if certification is allowed when the claims all stem from the same essential facts."  *Id.* (citing *Eldredge v. Martin Marietta Corp.*, 207 F.3d 737, 741–42 (5th Cir. 2000)).

As Banks states in her brief, Rule 54(b) "was adopted to avoid the possible injustice that might result in some cases from a delay in the effectiveness of a decision on a distinctly separate claim while the parties awaited adjudication of the entire case." Pl.'s Mem. [40] at 2 (though Banks cites *Brown v. Miss. Valley State Univ.*, 311 F.3d 328, 332 (5th Cir. 2002), the quoted text appears in *Jasmin v. Dumas*, 726 F.2d 242, 244 (5th Cir. 1984)). Banks says that her "remaining claims against Lakeland . . . are separate and distinct from the claims against Nurse McGuire." Pl.'s Mem. [40] at 3. But she correctly notes later that "the claims asserted by Plaintiff against both defendants in this matter are intertwined." *Id.* Here, the claims against McGuire are not distinctly separate claims—they stem from the same essential facts as the claims against Lakeland. And though the Court believes it is unlikely she would prevail, Banks's appeal would challenge whether the Court should even be hearing her claims against Lakeland. Thus, piecemeal review would occur.

Next, weighing the costs and inconvenience of piecemeal review against the dangers of injustice demonstrates that the motion should be denied. The inconvenience would be great, because the case would need to be stayed to avoid the risk of piecemeal review by the Fifth Circuit. And as Lakeland notes, further delaying the case is an inconvenience that Banks has shared. Def.'s Mem. [42] at 3. There are other costs as well to both parties; witnesses' memories fade, and document retention policies vary. *See* Def.'s Mem. [41] at 5. Banks says that she wants to "avoid the hardship and injustice of a later remand or retrial" if McGuire "is ultimately found to have been properly joined" in a later appeal. Pl.'s Mem. [40] at 3. But "'the mere specter of appeal after a trial on the merits does not rise to the level of hardship or injustice' required for the Court to certify its Order as a final judgment." *Marriott Int'l, Inc.*, 2023 WL

6

138047, at *3 (quoting *Walker v. Progressive Cnty. Mut. Ins. Co.*, 304 F.R.D. 486, 493–94 (E.D. La. 2015)).

In *Tetra Technologies, Inc. v. Continental Insurance Co.*, the Fifth Circuit considered whether it should hear an appeal following Rule 54(b) certification of some claims where the district court also denied certification of those claims for interlocutory appeal. 755 F.3d 222 (5th Cir. 2014). The panel noted that in denying certification for interlocutory appeal, the district court had determined there was no substantial ground for difference of opinion, and thus before it was "a request by the district court for us to sign-off mid-litigation on legal questions it considers non-contentions." *Id.* at 231. The panel declined to hear the appeal, noting it should avoid "tinker[ing] with ongoing cases through piecemeal appeals, which waste 'judicial energy,' create unnecessary delays, and obstruct the pursuit of meritorious claims." *Id.* (quoting *Sherri A.D. v. Kirby*, 975 F.2d 193, 201 (5th Cir. 1992)).

The same issues noted by the panel in *Tetra Technologies* are present here. Though finding no substantial grounds for difference of opinion is not a Rule 54(b) factor, the lack of merit in an appeal demonstrates that the dangers of injustice are low. Banks's motion for Rule 54(b) certification is denied. Because the Court does not find grounds for Rule 54(b) certification or to certify for interlocutory appeal, Banks's requests for a stay are also denied.

III.   Conclusion

The Court has considered all arguments; those not discussed would not change this result. Plaintiff Queen Banks's Motion for Certification of Interlocutory Appeal [37] and Motion for Certification under Federal Rule of Civil Procedure 54(b) [38] are denied. Both Motions' [37, 38] requests that the Court stay proceedings are likewise denied.

**SO ORDERED AND ADJUDGED** this the 3rd day of April, 2023.

                                                s/ *Daniel P. Jordan III*
                                                CHIEF UNITED STATES DISTRICT JUDGE